MARY CARPENTER PAYNE v. JERRY D. PAYNE

No. 8727DC1194

(Filed 2 August 1988)

1. **Divorce and Alimony § 23— child custody and support—motion for change placed on regular domestic calendar—defendant not prejudiced**

   Defendant was not prejudiced where his motion for change of child custody and for child support was placed on the Regular Domestic Calendar rather than on the Expedited Calendar for Domestic Cases.

2. **Divorce and Alimony § 24.9— plaintiff not required to support minor children—findings insufficient to support conclusion**

   The trial court's findings of fact were insufficient to support its conclusion that plaintiff should not be required to support her minor children where the court placed no monetary value on the needs of one child; the only finding bearing on plaintiff's ability to pay was that her expenses exceeded her income; and there were no findings upon which to conclude that defendant had the ability to support both his children.

3. **Divorce and Alimony §§ 24, 25— child custody and support—affidavit of child—no consideration by court**

   In a hearing on defendant's motion for child custody and support, the trial court did not abuse its discretion in refusing to consider the affidavit of one of defendant's children where the affidavit was offered after defendant's motion to amend the judgment had been heard and without notice to plaintiff.

APPEAL by defendant from *Berlin H. Carpenter, Jr., Judge,* order entered 25 February 1987; and from *Timothy L. Patti, Judge,* orders entered 5 May 1987, and 30 July 1987. All orders were entered in District Court, GASTON County. Heard in the Court of Appeals 6 June 1988.

*Horace M. DuBose, III for plaintiff-appellee.*

*Charles J. Katzenstein, Jr., by R. Dennis Lorance, for defendant-appellant.*

BECTON, Judge.

By virtue of a consent judgment entered 9 February 1982, plaintiff, Mary Carpenter Payne, was awarded custody of the parties' two minor children, and defendant, Jerry D. Payne, was ordered to pay $65 per week for child support. The consent judgment was modified pursuant to defendant's motion on 19 December 1985, and as a result, the defendant was awarded primary custody of one of the parties' minor children. He was also ordered to pay $220 in past due child support, and all future child support payments were stayed.

On 9 February 1987, defendant moved again for modification of the court's custody order, alleging that both children resided with him and seeking child support. The trial judge concluded that the case did not qualify for disposition on the Expedited Calendar for Domestic Court cases and scheduled a hearing on the Regular Domestic Calendar in March 1987.

On 5 May 1987, the trial judge awarded custody of both minor children to defendant but did not order plaintiff to "pay any specific amount of support." Defendant appeals from the trial judge's failure to schedule the case on the Expedited Domestic Calendar and from its 5 May 1987 order. We remand.

I

[1] We will first consider defendant's contention that this case should have been scheduled for hearing on the Expedited Calendar for Domestic cases. Chapter 50, Article 2 of the North Carolina General Statutes provides specific guidelines for disposing of all child support cases expeditiously. N.C. Gen. Stat. Sec. 50-36(a) provides that expedited procedures shall apply to all child support cases in any judicial district or county in which an expedited process has been established. Gaston County has an expedited calendar for domestic cases.

In the instant case, defendant filed his motion for modification of the custody order on 9 February 1987. On 5 May 1987, the

trial judge entered an order finally disposing of the case. Plaintiff argues that because this began as a child custody case, it did not qualify for expedited process as a child support case, and the trial judge correctly scheduled it for hearing on the Regular Calendar.

Assuming, *arguendo*, that this case relates mainly to child support and thus qualified for expedited process under Chapter 50, Article 2, we fail to see how defendant was prejudiced by the court's placement of this case on the Regular Domestic Calendar. Section 50-32 provides, in relevant part, that "[e]xcept where paternity is at issue, in all child support cases the district court judge shall dispose of the case from filing to disposition within 60 days . . . ." The case was originally scheduled for hearing during the 27 March 1987 session of Domestic Court. The case was continued on 8 April 1987 which was within the 60 day requirement of N.C. Gen. Stat. Sec. 50-32. This assignment of error is overruled.

## II

We now turn to defendant's assignments of error regarding the custody order. This custody struggle involves the parties' two minor children—Amy and Angie Payne. In its 19 December 1985 order, which was not appealed, the trial judge awarded plaintiff custody of Amy Payne and awarded defendant custody of Angie Payne. Neither party was required to pay child support, and they were to share medical expenses equally.

Upon a hearing in response to defendant's motion to modify the December 1985 order, the trial judge awarded custody of Amy Payne to defendant as well, after finding that Amy had moved into defendant's home in defiance of the December 1985 order. The trial judge then concluded "[t]hat while the plaintiff owes a duty of support for Angie Payne and Amy Payne, because of her current income and expenses, she should not be ordered to pay any specific amount of support at this time."

Defendant raises three issues on appeal regarding the custody order: 1) whether the trial judge erred by failing to make detailed findings of fact as required by N.C. Gen. Stat. Sec. 50-13.4(b) and (c), and by finding facts that conflicted with the evidence; 2) whether the trial judge erred by concluding that the plaintiff did not have the means or ability to pay child support;

and 3) whether the trial judge erred by failing to consider Amy Payne's affidavit.

A

[2]   Defendant's first two contentions are so intertwined that we will consider them together. Defendant essentially contends that the trial judge's findings of fact are inadequate to support its conclusion that plaintiff should not be required to pay child support.

The obligation to support children falls equally on both parents. N.C. Gen. Stat. Sec. 50-13.4(b) and (c) affords the trial judge a great deal of discretion in determining the amount of support a parent must pay. The trial judge may consider, among other things, the relative ability of the parents to provide support, or the inability of one to provide support, and the needs and estate of the child. Moreover, payments shall be in an amount needed to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, and accustomed standard of living of the child and the parties. These competing concerns were thoroughly addressed by our Supreme Court in *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980) in which the court noted that an order for child support "must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to 'meet the reasonable needs of the child', and (2) the relative ability of the parties to provide that amount." However, the trial judge's conclusions "must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took 'due regard' of the particular 'estates, earnings, conditions, [and] accustomed standard of living' of both the child and the parents. It is a question of fairness and justice to all concerned." *Coble*, 300 N.C. at 713, 268 S.E. 2d at 189 (citation omitted).

Applying the foregoing principles to the instant case, we note that the trial judge, in its 5 May 1987 and 30 July 1987 orders combined, found the following *summarized* facts to which defendant took exception:

(6) Plaintiff resided with her mother; her expenses totaled $1,065.50 per month, and her income totaled $970 per month.

(9) Defendant was remarried and resided with his wife and children, his expenses totaled $1,818 per month, his income totaled $1,748 per month, and he has additional income of approximately $20 per week.

(13) Amy Payne has the needs of the average sixteen-year-old and these can be met only by defendant at this time.

(14) Plaintiff's expenses exceed her income and she has great credit card expenses caused in large part by the defendant's failure to pay court ordered child support in a timely manner, and she does not have either the present ability or resources to pay child support to defendant at this time.

The trial judge's best attempt to state the needs of Amy Payne was finding Number 13 in which the judge assessed her needs as those of the "average sixteen-year-old." Although an equation for child support does not lend itself to an exact mathematical calculation, it is difficult, if not impossible, to know whether a trial judge has made a complete and reasonable assessment of the child's needs and the parties' abilities to pay when the needs-variable has *no* monetary value. Notwithstanding its failure to quantify the child's needs, the trial judge concluded that plaintiff could not help satisfy them. The trial judge apparently based its conclusion that plaintiff did not have the present ability to pay support on its findings that her expenses exceeded her income and that her unwielding credit card obligations were caused by defendant's failure to pay $220 in support to her in a timely manner when she had custody of both children. We find these facts insufficient. Defendant's $220 delinquency in child support payments does not mean that plaintiff's expenses are reasonable. A "party's mere showing that expenses exceed income need not automatically trigger the conclusion that the expenses are reasonable or that the party is incapable of providing support." *Coble* at 714, 268 S.E. 2d at 190. There must be some assessment of the parent's expenses.

The necessary corollary to the finding that plaintiff cannot pay support is the conclusion that defendant alone can. Yet, the trial judge made no findings upon which to conclude that *defendant* had the ability to support both children. If expenses alone were the critical consideration, and we have already cautioned that it should not be unless the expenses are reasonable, then de-

fendant's expenses were quite close to outweighing his income as well. Thus, we hold that the findings of fact are insufficient to support the conclusion that plaintiff should not be required to support her minor children.

We reiterate that the ultimate question is one of fairness and justice to all concerned, while keeping in mind that both parents have an equal obligation to support their children.

## B

[3] In his final assignment of error, defendant contends that the trial judge erred by failing to include in the record and to consider Amy Payne's affidavit. After the trial judge entered its order of 5 May 1987, defendant moved to amend the judgment in accordance with Rules 52 and 59(a)(7) and (8) of the N.C. Rules of Civil Procedure, contending that the judgment was based on errors of law and on insufficient findings of fact. Plaintiff responded to the motion. Sometime thereafter, defendant offered the affidavit of Amy Payne. The trial judge amended his 5 May 1987 order but denied defendant's motion in all other respects.

Defendant's submission of the affidavit was procedurally flawed. The affidavit was offered after defendant's Rule 52 motion to amend the judgment had been heard and without notice to plaintiff. Moreover, we are convinced, from our reading of the record, that defendant sought only to amend the judgment based on the insufficiency of the evidence already offered and errors of law which occurred during trial, under Rule 59(a)(7) and (8) respectively. Thus, we hold that the trial court did not abuse its discretion in refusing to consider the affidavit of Amy Payne. This assignment of error is overruled.

In summary, we vacate the judgment and remand for further findings of fact and conclusions of law consistent with this opinion.

Vacated and remanded.

Judges WELLS and PHILLIPS concur.