FREEMAN v. FREEMAN

[103 N.C. App. 801 (1991)]

———————————

DEBORAH BRIGGS FREEMAN (NOW WATSON), PLAINTIFF v. SAMMY GRAY FREEMAN, DEFENDANT

No. 9121DC388

(Filed 20 August 1991)

**Parent and Child § 7.2 (NCI3d) — emancipation of child — jurisdiction to award past child support**

   The trial court did not lack jurisdiction to hear a motion for past child support because the child had become emancipated and the custody issue had become moot. Nor did de-

fendant father waive his right to seek reimbursement for past child support expenditures by failing to schedule notice of a hearing on the issue prior to the child's emancipation. N.C.G.S. § 1-52(2).

**Am Jur 2d, Parent and Child §§ 69, 80.**

APPEAL by defendant from *Alexander (Abner), Judge.* Order entered 1 February 1991 in District Court, FORSYTH County. Heard in the Court of Appeals 6 August 1991.

On 14 August 1987 plaintiff filed a complaint seeking absolute divorce from defendant and an equitable distribution of the marital property. In his answer, filed on 14 October 1987, defendant requested child custody and support. The divorce was granted on 21 October 1987. The equitable distribution hearing was held on 8 November 1990, where defendant asked for accumulated child support. The judge at the equitable distribution hearing refused to address the issue of child support. Notice was sent by defendant to plaintiff of a hearing on the issue of child support to be held on 16 November 1990. Plaintiff filed a motion to dismiss and a motion for summary judgment, alleging the child had turned eighteen on 11 May 1990 and graduated from high school in June 1990. By order entered 1 February 1991 the trial court dismissed defendant's claim for child support stating that due to the emancipation of the said child "this Court is divested of any authority to determine the child's custody and consequently cannot enter into a determination as to child support." Defendant appeals that order.

*Morrow, Alexander, Tash, Long & Black, by Charles J. Alexander, II, and Ronald B. Black, for plaintiff, appellee.*

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for defendant, appellant.*

HEDRICK, Chief Judge.

The sole issue raised on appeal is whether the court erred in determining that it had no jurisdiction to hear the issue of child support. Defendant contends that because the issue had been properly raised and was pending before the court, it was error to dismiss the claim for lack of jurisdiction. Plaintiff argues that since the child became emancipated prior to the entry of an order or judgment awarding support or custody, the court lost its authority to enter such an award.

FREEMAN v. FREEMAN

[103 N.C. App. 801 (1991)]

We first note that the trial court is incorrect in its presumption that because the issue of custody has become moot, it may not address the issue of support. N.C. Gen. Stat. § 50-13.4(a) does not specifically require a judicial determination of custody before a person or agency can bring an action for support. *Craig v. Kelley*, 89 N.C. App. 458, 366 S.E.2d 249 (1988). What remains for this Court to determine is whether defendant waived his right to support by failing to schedule notice of a hearing on the issue prior to the child's emancipation. We hold he has not.

It is well accepted in North Carolina that the courts have no authority to order child support for a child who has reached the age of majority and has become emancipated. *See Bridges v. Bridges*, 85 N.C. App. 524, 355 S.E.2d 230 (1987). However, the limitations placed upon the court once a child reaches an age of majority concern the authority of the State to impose support obligations beyond that time. Until the child reaches the age of emancipation under North Carolina law each parent is equally obligated to support that child. *Cogdell v. Johnson*, 46 N.C. App. 182, 264 S.E.2d 816 (1980). A parent's obligation to support his child arises when the child is born, not when the courts order a specific amount to be paid. *Tidwell v. Booker*, 290 N.C. 98, 225 S.E.2d 816 (1976). Clearly, as a parent's past obligations of support do not disappear simply because the child has turned eighteen years of age, neither does the custodial spouse's right to seek reimbursement for past support expenditures. *See Napowsa v. Langston*, 95 N.C. App. 14, 381 S.E.2d 882, *disc. review denied*, 325 N.C. 709, 388 S.E.2d 460 (1989). The sole limitation on defendant's right to reimbursement for documented past support expenditures is imposed by N.C. Gen. Stat. § 1-52(2) which limits recovery to those expenditures incurred within three years before the date the action for support is filed.

For these reasons, we find the trial court erred in holding it lacked jurisdiction to hear a motion for child support in this case. We reverse the order dismissing the above action and we remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

Judges COZORT and LEWIS concur.