NO. COA13-747

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

GRANT A. LOOSVELT,
    Plaintiff/Father,

v.                                    Mecklenburg County
                                      No. 11-CVD-21739(DH)
STACY LEIGH BROWN,
    Defendant/Mother.


        Appeal by plaintiff from order entered 1 April 2013 by

Judge Donnie Hoover in District Court, Mecklenburg County.

Heard in the Court of Appeals 19 November 2013.


        *Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and
        Tobias S. Hampson, for plaintiff-appellant.*

        *James, McElroy & Diehl, P.A., by Preston O. Odom, III, by
        defendant-appellee.*


        STROUD, Judge.


        Plaintiff appeals order regarding permanent child custody

and child support.  For the following reasons, we affirm in part

and reverse and remand in part.

                        I.    Background

        Plaintiff, a resident of Los Angeles, California, filed a

complaint in North Carolina against defendant, a resident of

Charlotte, North Carolina.  Plaintiff sought to establish the

paternity of a child born out of wedlock, to determine custody, and an order addressing the parties' support obligations. On 7 December 2011, defendant filed an answer and counterclaims seeking child custody, child support, and attorney fees. On or about 10 April 2012, defendant filed a request "to upwardly deviate from the North Carolina Child Support Guidelines[.]" On 7 May 2012, plaintiff replied to defendant's counterclaims admitting "it is in the best interest of the minor child that his primary custody be awarded to" defendant, stating that "child support should be awarded in accordance with North Carolina law[,]" and denying allegations related to defendant's request for attorney fees.

On 24 May and 20 June 2012, both *nunc pro tunc* to 16 April 2012, the trial court entered temporary child support orders. The trial court ordered that plaintiff make monthly child support payments in the amount of $2,317.00. Defendant's claim for retroactive child support was to be heard at a later date along with her claim for attorney fees.

On 1 April 2013, *nunc pro tunc* to 4 January 2013, the trial court entered a corrected order regarding permanent child custody and child support finding that because the aggregate of the parties' adjusted gross incomes exceeded $25,000.00 per

month, the North Carolina Child Support Guidelines were not controlling for this case. The order established paternity and custody of the minor child, set plaintiff's retroactive and prospective child support obligations as well as arrearages, and awarded attorney fees to defendant. As to the child support obligations and attorney fees, the trial court ordered:

4. Effective November 1, 2012, and continuing on the first (1st) day of each month thereafter until modified by this Court. Plaintiff/Father shall pay child support to Defendant/Mother in the amount of $7,342.84 per month. All payments shall be made directly to Defendant/Mother on or before the first (1st) day of each month.

5. Plaintiff/Father shall be responsible for ninety percent (90%) and Defendant/Mother shall be responsible for 10 percent (10%) of all uninsured medical, dental, optical, orthodontic, therapy, counseling, prescription drug expenses, and any other expenses incurred by the minor child in connection with his healthcare that is not covered by the major medical insurance provider(s). In the event Defendant/Mother is required to advance any of the foregoing expenses to be paid by Plaintiff/Father as set forth above, Plaintiff/Father shall reimburse Defendant/Mother within thirty (30) days of the receipt of written verification of said expenses.

6. Plaintiff/Father's child support arrearage in the amount of $15,077.52 shall be paid in full on or before March 5, 2013.

7. Plaintiff/Father's retroactive

child support obligation in the amount of $39,655.27 shall be paid in full on or before March 5, 2013.

8. Defendant/Father shall pay to Plaintiff/Mother's counsel the sum of $24,942.21 to partially defray Plaintiff/Mother's legal fees. Defendant/Father shall make this payment directly to Claire J. Samuel, James, McElroy & Diehl, P.A., 600 South College Street, Charlotte, NC 28202 on or before March 15, 2013.

Plaintiff appeals.

## II. Retroactive Child Support

Plaintiff first argues that the trial court erred in awarding retroactive child support because the trial court "[f]ailed to [m]ake [f]indings of [f]act to [s]upport its [a]ward[,]" lacked evidence to support its award, and failed to apportion the expenses incurred between both parties. Our Court has stated:

> an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to meet the reasonable needs of the child and (2) the relative ability of the parties to provide that amount. These conclusions must be based upon factual findings sufficiently specific to indicate that the trial court took due regard of the factors enumerated in the statute, namely, the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party,

and other facts of the particular case.

These findings must, of course, be based upon competent evidence, and it is not enough that there may be evidence in the record sufficient to support findings which could have been made. The trial court must itself determine what pertinent facts are actually established by the evidence before it. In short, the evidence must support the findings, the findings must support the conclusions, and the conclusions must support the judgment; otherwise, effective appellate review becomes impossible.

*Atwell v. Atwell*, 74 N.C. App. 231, 234, 328 S.E.2d 47, 49 (1985) (citations, quotation marks, and ellipses omitted). Furthermore,

[c]hild support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion. Under this standard of review, the trial court's ruling will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision. In a case for child support, the trial court must make specific findings and conclusions. The purpose of this requirement is to allow a reviewing court to determine from the record whether a judgment, and the legal conclusions which underlie it, represent a correct application of the law.

*Leary v. Leary*, 152 N.C. App. 438, 441-42, 567 S.E.2d 834, 837 (2002) (citations and quotation marks omitted).

"The ultimate objective in setting awards for child support is to secure support commensurate with the needs of the children

and the ability of the obligor to meet the needs." *Robinson v. Robinson*, 210 N.C. App. 319, 333, 707 S.E.2d 785, 795 (2011) (citation, quotation marks, and brackets omitted). Retroactive child support encompasses "[c]hild support awarded prior to the time a party files a complaint[.]" *Carson v. Carson*, 199 N.C. App. 101, 105, 680 S.E.2d 885, 888 (2009) (citation and quotation marks omitted). "However, retroactive child support payments are only recoverable for amounts actually expended on the child's behalf during the relevant period. Therefore, a party seeking retroactive child support must present sufficient evidence of past expenditures made on behalf of the child, and evidence that such expenditures were reasonably necessary." *Robinson*, 210 N.C. App. at 333, 707 S.E.2d at 795 (citation, quotation marks, and brackets omitted).

A. Findings of Fact as to Retroactive Child Support Expenses

The trial court awarded defendant retroactive child support from October 2010, the date of the child's birth, through November 2011, the month following the filing of plaintiff's complaint. The retroactive child support award of $39,655.27[1] was reimbursement for the following:

---

[1] We note that these expenses actually add up to $40,025.27, although neither party has challenged the accuracy of the numbers in the trial court order.

- "$5,160 in nursery expenses prior to [the child's] birth"

- "806.13 in maternity clothes prior to [the child's] birth"

- "$460.00 in additional daycare cost for [the child] from October 28, 2011 through March 20, 2012"

- "$1,313.54 in nursery expenses after [the child's] birth"

- "$6,485.67 in expenses related to the minor child's basic needs (i.e. baby food, diapers, formula, and clothing) after the minor child's birth"

- "$11,520.00 to provide work-related child care" in 2011

- "$8,800.00 to provide work-related child care" in 2010

- "5,479.93 in expenses related to the minor child's birth"

Because these expenses raise different evidentiary and legal issues, we will separately address them.

1.  Nursery Expenses and Maternity Clothes Prior to Birth

The award for expenses incurred prior to the child's birth appears to raise a novel legal issue.  We have found no authority, either in North Carolina or in any other state that addresses recovery of expenses incurred prior to the child's birth for nursery expenses or maternity clothes as retroactive child support.  Apparently, defendant did not find any law to support this proposition either, as her argument is that "the fact that a 'father's duty to support his child arises when the child is born[,]'  *Tidwell v. Booker*, 290 N.C. 98, 116, 225

S.E.2d 816, 827 (1976), does not preclude awarding retroactive child support covering expenditures incurred before a child's birth." Defendant seeks to analogize these expenses to medical expenses under North Carolina General Statute § 49-15. But we find that because (1) the child support obligation does not arise until birth and (2) North Carolina has a statute which limits recovery of pre-birth expenses to medical expenses, there is no legal basis for an award of any other types of expenses incurred prior to birth. *See* N.C. Gen. Stat. § 49-15 (2011); *Freeman v. Freeman*, 103 N.C. App. 801, 803, 407 S.E.2d 262, 263 (1991).

"A parent's obligation to support his child arises *when the child is born*, not when the courts order a specific amount to be paid." *Freeman v. Freeman*, 103 N.C. App. 801, 803, 407 S.E.2d 262, 263 (1991) (emphasis added). As the legal obligation arises when the child is born, expenses incurred prior to the child's birth cannot be considered as retroactive child support; *see Robinson,* 210 N.C. App. at 333, 707 S.E.2d at 795; *Freeman*, 103 N.C. App. at 803, 407 S.E.2d at 263, the only exception to this rule is North Carolina General Statute § 49-15[2] which allows

---

[2] North Carolina General Statute § 49-15 provides that "[u]pon and after the establishment of paternity of an illegitimate child pursuant to G.S. 49-14, the rights, duties, and

for "medical expenses incident to the pregnancy and birth of the child." N.C. Gen. Stat. § 49-15. While many mothers reasonably incur expenses of many types in preparation for the birth of a baby, our General Assembly has provided for recovery of only one type of pre-birth expense, medical expenses, pursuant to North Carolina General Statute § 49-15. *See id.* Medical expenses related to the pregnancy are necessarily incurred before birth of the child, but there is no evidence or argument that these nursery expenses and maternity clothes could qualify as "medical expenses" under even the most generous definition. *Id.* Accordingly, we must reverse the award for nursery expenses and maternity clothes incurred prior to the child's birth.

2. Nursery Expenses and Basic Needs After Birth

For the nursery expenses incurred after the child's birth and the expenses incurred for the child's basic needs, we conclude there was not sufficient evidence to support an award of these expenses as retroactive child support because defendant did not present evidence that these expenses were actually

---

obligations of the mother and the father so established, with regard to support and custody of the child, shall be the same, and may be determined and enforced in the same manner, as if the child were the legitimate child of such father and mother. When paternity has been established, the father becomes responsible for medical expenses incident to the pregnancy and the birth of the child." N.C. Gen. Stat. § 49-15.

incurred prior to the filing of the complaint. Defendant herself concedes that her evidence required the trial court "to draw the reasonable inference" regarding the dates of the expenses. Defendant's exhibit listing the expenses showed only the merchant from which the purchase was made and the amount of the expense; defendant does not direct our attention to any evidence before the trial court, including her testimony, providing any dates for when the expenses were incurred. As retroactive child support may only be awarded for expenses incurred "prior to the time a party files a complaint[,]" *Carson*, 199 N.C. App. 105, 680 S.E.2d at 888, the trial court needed actual evidence upon which to determine when such expenses were incurred. Defendant's evidence did not provide sufficient detail as to the dates that these expenses were incurred such that the trial court could reasonably find that they were incurred prior to the filing of the complaint. We reverse the award of nursery expenses and basic needs expenses incurred after the child's birth.

3.  Daycare, Child Care, and Birth Expenses

For the expenses regarding daycare, child care, and the child's birth, plaintiff does not challenge the timing of these expenses or the evidence supporting the amounts awarded. Thus,

the trial court's findings as to these expenses are binding on this court. *See Powers v. Tatum*, 196 N.C. App. 639, 640, 676 S.E.2d 89, 91 ("Where [a party] fails to challenge any of the trial court's findings of fact on appeal, they are binding on the appellate court[.]"), *disc. review denied*, 363 N.C. 583, 681 S.E.2d 784. As to these expenses, plaintiff challenges only the trial court's findings as to his ability to pay the award of retroactive child support, arguing that the trial court was required to make findings of fact regarding plaintiff's "ability to pay such amounts 'during the time for which reimbursement is sought[,]'" and "the trial court was required to exercise some amount of discretion to determine what portion of the expenses . . . [defendant] purportedly incurred . . . represent[ing] her share of support." As plaintiff's ability to pay child support is actually a broader issue implicating more than just daycare, child care, and birth expenses, we separately address it below.

B.   Ability to Pay Retroactive Child Support

Plaintiff contends that the trial court was required to make findings regarding his ability to pay child support "during the period in which [the expenses] were purportedly incurred." In *Hicks v. Hicks*, this Court stated that the trial court must

make findings as to the obligor's ability to pay during the time period of the retroactive support sought:

> What the defendant should have paid is not the measure of his liability to plaintiff. The measure of defendant's liability to plaintiff is the amount actually expended by plaintiff which represented the defendant's share of support. In determining this amount the court must take into consideration the needs of the children and *the ability of the defendant to pay during the time for which reimbursement is sought*. The plaintiff is not entitled to be compensated for support for the children provided by others, nor is she entitled to be reimbursed for sums expended by her for the support of the children which represent her share of support as determined by the trial judge, considering "the relative ability of the parties to provide support[.]"

34 N.C. App. 128, 130, 237 S.E.2d 307, 309 (1977) (emphasis added) (citations, quotation marks, and ellipses omitted). "[T]he time for which reimbursement is sought[,]" *id.*, is not the time when this case was heard, as defendant contends -- that would be the time *at* which reimbursement is sought -- but is instead the time period during which the expenses were incurred. *See Savani v. Savani*, 102 N.C. App. 496, 502, 403 S.E.2d 900, 903 (1991) ("An award of retroactive child support must also take into account the defendant's ability to pay during the period *in the past* for which reimbursement is sought." (emphasis added)).

Here, the trial court specifically found that "Plaintiff/Father has the ability to pay the child support ordered herein" and "Plaintiff/Father's income is more than sufficient to cover the awards contained herein based on his monthly expenditures and income." Yet the trial court failed to make findings of fact as to plaintiff's ability to pay for the time period for which reimbursement was sought, specifically, from the pre-birth medical expenses incurred until the filing of the complaint, the relevant time period for retroactive child support. *See Carson*, 199 N.C. App. at 105, 680 S.E.2d at 888, *see also* N.C. Gen. Stat. § 49-15. Therefore, we reverse and remand the order for the trial court to make findings of fact as to plaintiff's ability to pay during that time period for which reimbursement was sought.

C. Allotment of Retroactive Child Support Expenses

In addition, plaintiff raises a related issue of the trial court's apportionment of retroactive support. Plaintiff contends "the trial court was required to exercise some amount of discretion to determine what portion of the expenses . . . [defendant] purportedly incurred related to . . . [defendant's] share of support." We agree that "[t]he measure of [plaintiff]'s liability to [defendant] is the amount actually

expended by [defendant] *which represented the [plaintiff's] share of support*." *Hicks,* 34 N.C. App. at 130, 237 S.E.2d at 309 (emphasis added). Here, the trial court awarded defendant 100% of each of the expenses listed pursuant to its award of retroactive child support; this indicates that the trial court failed to allot any portion of the retroactive child support expenses as defendant's responsibility. In contrast, we note that the trial court allocated to defendant 10% of the child's prospective "uninsured medical, dental, optical, orthodontic, therapy, counseling, prescription drug expenses, and any other expenses incurred by the minor child in connection with his healthcare that is not covered by the major medical insurance provider(s)[;]" we cannot discern from the findings in the order why defendant has responsibility for 10% of these prospective expenses but has no responsibility for the retroactive expenses.

D. Summary as to Retroactive Child Support

In summary, as to the award of retroactive child support, we reverse the award for nursery expenses and maternity clothes prior to the child's birth because there is no legal basis for making such an award. We reverse the award for nursery expenses and basic needs after the birth because there was not sufficient evidence that such expenses were incurred prior to the filing of

plaintiff's complaint. We reverse and remand the order as to the expenses for daycare, child care, and birth for the trial court to consider the plaintiff's ability to pay during the time for which reimbursement is sought, how these expenses should be apportioned between plaintiff and defendant, and to make any other findings of fact and conclusions of law necessary to support the award of retroactive child support.

### III. Prospective Child Support

Plaintiff next contends that the trial court erred in awarding prospective child support ("child support") because it failed "to [m]ake [s]pecific [f]indings of [f]act [c]oncerning [plaintiff's] [i]ncome and [a]bility to [p]ay [c]hild [s]upport[,]" based its award on plaintiff's income without considering the needs of the child, and abused its discretion in setting defendant's child support obligation and failing to "offset" plaintiff's child support obligation by such amount. Again, we note that we review the child support award to consider if the evidence supports the findings of fact, the findings support the conclusions of law, and the conclusions support the judgment. *See Atwell*, 74 N.C. App. at 234, 328 S.E.2d at 49.

North Carolina General Statute § 50-13.4(c) requires the trial court to consider several factors when establishing a child support obligation:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

N.C. Gen. Stat. § 50-13.4 (2011). Plaintiff raises arguments regarding several of these factors and we will address each separately.

A. Plaintiff's Income and Ability to Pay

As to plaintiff's income and ability to pay, the trial court made the following findings of fact:

> 12. On October 16, 2012, Plaintiff/Father filed an Amended Financial Affidavit listing his average gross monthly income as being $24,409.66.
>
> . . . .
>
> 16. The child support award set forth herein is necessary to meet the reasonable needs of the minor child related to his health, education and maintenance, having due regard to the estates, earning, conditions, accustomed standard of living of the child and of the parties.
>
> . . . .

18. Plaintiff/Father is an able-bodied man who is gainfully employed and fully capable of paying to Defendant/Mother, for the benefit of the minor child, child support in the amount set forth herein.

19. Plaintiff/Father is a cosmetic dentist in Beverly Hills and Los Angeles, California. Plaintiff/Father has served on the faculty at UCLA's School of Dentistry and is a member at Century City Hospital. Plaintiff/Father has also appeared on the ABC shows Extreme Makeover and Average Joe.

20. Plaintiff/Father has the ability to pay the child support ordered herein.

21. Plaintiff/Father is a man with substantial income.

22. Plaintiff/Father's spending is inconsistent with the income reported on his Amended Financial Affidavit.

23. Plaintiff/Father's average monthly spending according to his testimony and his checking account statements for his Chase Checking Accounts ending #8427 and #8435 reflect that he spends an average of $88,617.80 per month.

24. At the time of trial, Plaintiff/Father had no credit card debt.

25. Plaintiff/Father owns and pays for two (2) luxury residences in Los Ang[e]les, California at a cost of approximately $12,000.00 per month.

26. In nine and a half (9 ½) months, Plaintiff/Father spent $31,322.85 on vacations or an average of $3,297.14 per month.

27. In two (2) months, Plaintiff/Father spent $51,000.00 on jewelry, or an average of $25,500.00 per month.

28. Plaintiff/Father . . . spent $1,466.78 for alcohol in three (3) days.

. . . .

34. Plaintiff/Father has monthly shared family expenses of $15,446.54 and monthly individual expenses of $6,937.00, as reflected on his Amended Financial Affidavit.

. . . .

36. Plaintiff/Father should have a child support obligation of $7,342.84 per month ($5,148.84 (1/3 of Plaintiff/Father's shared family expenses) +$2,194.00 ([the child's] individual expenses) = $7,342.84).

. . . .

38. Plaintiff/Father's child support obligation should be made effective to November 1, 2012.

39. Plaintiff/Father currently has a child support arrearage of $15,077.52 through January 2013 ($7,342.84 x 3 months = $22,028.52 less $6,951.00 paid = $15,077.52).

. . . .

44. Plaintiff/Father should pay ninety percent (90%) of the minor child's uninsured medical expenses.

. . . .

46. The provisions of this Order regarding support of the minor child are fair and reasonable under the existing circumstances.

Only two of these findings address plaintiff's income: finding of fact number 12 which finds that his financial affidavit listed his average gross monthly income as $24,409.66,[3] and finding of fact number 21 which finds that plaintiff "is a man with substantial income."

When a trial court is considering child support outside of the North Carolina child support guidelines, the trial court must make sufficient findings as to the parties' incomes and ability to pay to permit appellate review:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case. [N.C. Gen. Stat. § 50-13.4(c)].
> . . . .
> Where, as here, the trial court sits without a jury, the judge is required to find the facts specially and state

---

[3] This "finding of fact" is actually a recitation of evidence and not a finding by the trial court; this is apparent from the fact that the trial court ultimately determined that plaintiff has more income than what he listed on his affidavit.

separately its conclusions of law thereon and direct the entry of the appropriate judgment. The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment -- and the legal conclusions which underlie it -- represent a correct application of the law. The requirement for appropriately detailed findings is thus not a mere formality or a rule of empty ritual; it is designed instead to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system.

Under G.S. 50-13.4(c), quoted *supra*, an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to meet the reasonable needs of the child and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual findings specific enough to indicate to the appellate court that the judge below took due regard of the particular estates, earnings, conditions, [and] accustomed standard of living of both the child and the parents. It is a question of fairness and justice to all concerned. In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence. It is not enough that there may be evidence in the record sufficient to support findings which could have been made. The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal.

*Coble v. Coble*, 300 N.C. 708, 711-13, 268 S.E.2d 185, 189 (1980) (citations and quotation marks omitted); *see also Atwell,* 74 N.C. App. at 234, 328 S.E.2d at 49.

In *Coble*, the trial court had found that the "plaintiff is in need of financial assistance for the support of the minor children and that defendant is capable of providing such assistance." *Id.* at 713, 268 S.E.2d at 189. Our Supreme Court noted that "[t]his finding is more properly denominated a conclusion of law, since it states the legal basis upon which defendant's liability may be predicated under the applicable statutes, G.S. 50-13.4(b) and (c). As a conclusion of law, it must itself be based upon supporting factual findings." *Id.* (quotation marks omitted). The Court then determined that the findings of fact failed to support the conclusion, since the only relevant finding of fact was that the:

> [d]efendant's monthly net income is approximately $483.32, plus an indeterminable amount earned from overtime work, and yet her monthly expenses are approximately $510.00. To the degree that this finding indicates that defendant's living expenses tend to exceed her average income, it would seem to negate, rather than support, the conclusion that she is capable of providing support payments. Moreover, the next part of finding No. 12 shows that although the monthly financial needs of the children average approximately $432.00,

> plaintiff's net monthly income is approximately $825.00. Far from supporting the conclusion that plaintiff is in need of partial assistance in meeting his support obligation, this part of the finding suggests instead that he is capable of sufficiently providing for his children on his own. On the face of the order alone, therefore, finding No. 12 does not support the trial court's conclusions as to either plaintiff's financial need for support assistance or defendant's financial ability to provide it. In the absence of other findings which support these conclusions, then, the order awarding plaintiff partial child support cannot be sustained.

*Id.* (quotation marks omitted).

In the case before us, the trial court's findings of fact are of similar import. *Compare id.* Again, only two of the trial court's findings address plaintiff's income: finding of fact number 12 which finds that his financial affidavit listed his average gross monthly income as $24,409.66, and finding of fact number 21 which finds that plaintiff "is a man with substantial income." There is no finding of fact as to plaintiff's actual income, only that it is "substantial[.]" We can infer that "substantial" here means more than $24,409.66 but we cannot, determine what the trial court found plaintiff's income to be. Furthermore, the trial court found that although plaintiff claims to earn $24,409.66 on average per month, he actually spends an average of $88,617.80 per month. Here, the trial

court clearly assumed that the plaintiff's income is quite significantly more than $25,000 per month, but we have no way of knowing what number the trial court had in mind.[4]

Normally, findings as to the incomes of the parties are stated in monetary amounts of dollars per month or year. Although these numbers might even be averages or approximations, particularly when a parent does not receive a set monthly paycheck, a finding of an actual monetary amount of income will permit this Court to review the findings based upon the

_____

[4] Plaintiff also implies that the trial court imputed income to him due to what it may have found to be extravagant expenditures.  We do not believe this is so, but if the trial court was actually imputing income to plaintiff, this would be error, as there were no findings of fact that that defendant was suppressing his income intentionally or spending excessively to avoid his child support obligation.  *See generally Respess v. Respess*, ___ N.C. App. ___, ___, 754 S.E.2d 691, 703-04 (2014) (addressing defendant's argument that the trial court erred in the amount of income it imputed to him:  "Generally, a party's ability to pay child support is determined by that party's actual income at the time the award is made.  A party's capacity to earn may, however, be the basis for an award where the party deliberately acted in disregard of his obligation to provide support. Before earning capacity may be used as the basis of an award, there must be a showing that the actions reducing the party's income were taken in bad faith to avoid family responsibilities[.]  This showing may be met by a sufficient degree of indifference to the needs of a parent's children." (citation, quotation marks, ellipses, and brackets omitted). While certainly the trial court may find plaintiff's evidence not to be credible, the trial court must still make an actual finding as to plaintiff's income.

evidence.[5]  While the trial court did give some regard "to the estates, earnings, conditions, accustomed standard of living of the" parties, it failed to make a finding of fact as to plaintiff's income which is definite enough for this Court to review.  N.C. Gen. Stat. § 50-13.4(c).  Furthermore, while the trial court specifically found plaintiff was able to pay the child support ordered, the income the trial court was basing this finding on is unclear, and thus leaves this Court also unable to review the finding of plaintiff's ability to pay.

In addition, even though the trial court's order contained some findings as to "the estates[,]" N.C. Gen. Stat. § 50-13.4(c), of the parties, particularly plaintiff, it did not make any findings which would permit consideration of plaintiff's estate as supporting his ability to pay child support; rather, the findings of fact addressed only the expenses plaintiff has incurred.  For example, the trial court found that

---

[5] We also note that without an actual monetary number for the income it could be difficult for either party to prove the need for a modification of child support in the future based upon a change in circumstances, as the trial court would have to determine what the plaintiff's "substantial" income actually was in 2012 and whether any alleged change in the plaintiff's income would be sufficient to support modification. *See generally* N.C. Gen. Stat. § 50-13.7(a) (2011) ("Except as otherwise provided in G.S. 50-13.7A, an order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party[.]")

"Plaintiff/Father owns and pays for two (2) luxury residences in Los Ang[e]les, California at a cost of approximately $12,000.00 per month."  Having a large house payment does not necessarily equate to having a substantial estate; it can mean just the opposite.  The trial court did not find the value of these "luxury residences[,]" whether plaintiff's indebtedness on these residences equals or exceeds their values, or any other facts regarding the net value of plaintiff's estate.

Accordingly, we reverse and remand the award of prospective child support for the trial court to make findings as to the monetary value of plaintiff's income and any other findings of fact or conclusions of law necessary to set an appropriate child support amount.  We note that plaintiff also makes arguments as to the specific evidence the trial court should rely upon on remand in making its determination as to what his income is, but we will not address this, since arguments about which evidence should weigh more heavily are properly directed to the trial court, which has the discretion to determine the credibility and the weight of the evidence. *See Coble*, 300 N.C. at 712-13, 268 S.E.2d at 189.

B.   Reasonable Needs of the Child

While we are reversing and remanding the child support

award for the reasons noted above, plaintiff also has argued that the trial court failed to consider the child's actual needs in setting the amount of child support. The child support ordered in the amount of $7,342.84 per month far exceeds the actual needs of the child based upon the child's historical individual expenditures as found by the trial court, which were $2,194.00 per month. Although the trial court has the discretion to award child support in excess of actual historical expenses based upon plaintiff's financial position, the findings of fact as to how this amount was established must be detailed enough to permit review:

> Whatever may have been the rule at common law, a father's duty of support today does not end with the furnishing of mere necessities if he is able to afford more. In addition to the actual needs of the child, a father has a legal duty to give his children those advantages which are reasonable considering his financial condition and his position in society.
> In *Hecht v. Hecht*, 189 Pa. Super. 276, 283, 150 A.2d 139, 143, Woodside, J., observed:
>> Children of wealthy parents are entitled to the educational advantages of travel, private lessons in music, drama, swimming, horseback riding, and other activities in which they show interest and ability. It is possible that a child with nothing more than a house to shelter him, a coat to keep him warm and

sufficient food to keep him healthy will be happier and more successful than a child who has all the advantages, but most parents strive and sacrifice to give their children advantages which cost money. Much of the special education and training which will be of value to people throughout life must be given them when they are young, or be forever lost to them.

What amount is reasonable for a child's support is to be determined with reference to the special circumstances of the particular parties. Things which might properly be deemed necessaries by the family of a man of large income would not be so regarded in the family of a man whose earnings were small and who had not been able to accumulate any savings. In determining that amount which is reasonable, the trial judge has a wide discretion with which this court will not interfere in the absence of a manifest abuse.

It is never the purpose of a support order to divide the father's wealth or to distribute his estate. Furthermore, even though the father be a man of great wealth, an excessive award which would encourage extravagant expenditures either by the child or in his behalf would not be in his best interest.

*Williams v. Williams*, 261 N.C. 48, 57-58, 134 S.E.2d 227, 234 (1964) (citations, quotation marks, and ellipses omitted); *Atwell*, 74 N.C. App. at 234, 328 S.E.2d at 49.

The trial court's order seems to "divide the father's wealth" by basing child support upon a number calculated by

adding one-third of plaintiff's "shared family expenses" to the child's historical individual expenses. *Id.* at 58, 134 S.E.2d at 234. The order also finds that plaintiff resides in Los Angeles, California, but fails to make any findings of fact as to how plaintiff's expenses incurred in California, which apparently do not include any child-related expenditures, relate to the expenses of raising a child, even the child of a wealthy parent, in Charlotte, North Carolina.

A child support award can be made by using estimates of needs based upon the higher standard of living made possible by plaintiff's means, but the trial court must make findings of fact which assign a monetary value to these needs. *See Payne v. Payne*, 91 N.C. App. 71, 75, 370 S.E.2d 428, 431 (1988) ("Although an equation for child support does not lend itself to an exact mathematical calculation, it is difficult, if not impossible, to know whether a trial judge has made a complete and reasonable assessment of the child's needs and the parties' abilities to pay when the needs-variable has no monetary value."). As such, upon remand we also instruct the trial court to make findings of fact, specifically with monetary values, as to the child's reasonable needs in light of the abilities of the parents to provide support.

C.    Defendant's Child Support Obligation

The trial court found defendant's portion of responsibility for support of the minor child to be $100.00 per month, which plaintiff argues is too low, but at the very least should offset his own obligation by $100.00.  But the order does not state that the total child support obligation of both parents is $7,342.84 per month, but rather that "Plaintiff/Father should have a child support obligation of $7,342.84 per month[,]" and thus we see no merit in his argument that his child support obligation should be reduced by defendant's child support obligation. But, as discussed above, we are reversing and remanding the child support award for several reasons, and on remand the trial court should take into account, in a manner this Court can review, "the estates, earnings, conditions, accustomed standard of living" of *both* parties in calculating the child support obligation.  N.C. Gen. Stat. § 50-13.4(c); *see Coble v. Coble*, 300 N.C. at 712, 268 S.E.2d at 189.  The trial court found unchallenged that defendant did have an income, and the trial court must consider the relative abilities and financial circumstances of both parties; though plaintiff's earnings and estate may be far greater than defendant's, defendant's circumstances must also be taken into account. *See*

N.C. Gen. Stat. § 50-13.4(c); *Coble v. Coble*, 300 N.C. at 712, 268 S.E.2d at 189.

But despite the need for findings with monetary amounts for incomes and expenses, we acknowledge that not all of the factors under North Carolina General Statute § 50-13.4(c) can be quantified. *See* N.C. Gen. Stat. § 50-13.4(c). The trial court is directed to take into account "the child care and homemaker contributions of each party, and other facts of the particular case[,]" in setting child support; *id.*, these factors are less susceptible to descriptions in monetary terms. Particularly, in a case such as this, where plaintiff lives thousands of miles away and has no role at all in the child's daily care and life, it is appropriate for the trial court to consider the fact that defendant bears 100% of the daily responsibilities of child care and making a home for the child. *See id.* Only defendant will make the daily physical and emotional sacrifices required to raise a child. All the law requires of plaintiff is to make a monthly payment. If the trial court does consider defendant's non-monetary, but truly priceless, contributions, it should make findings of fact regarding those contributions so that its use of this factor may be reviewed on appeal. *See Atwell*, 74 N.C. App. at 234, 328 S.E.2d at 49.

D.   Summary of Prospective Child Support

In summary, we reverse the trial court's award for child support and remand for the trial court to make specific findings of fact, including plaintiff's income stated in a monetary value, plaintiff's ability to pay, the child's reasonable needs stated in a monetary value, and to make any further findings of fact or conclusions of law that would be necessary to set support obligations for both parties in a manner that would be reviewable by this Court.

IV.   Attorney Fees

Lastly, plaintiff argues that the trial court erred in awarding attorney fees to defendant. Plaintiff challenges the finding of facts supporting the award.

A.   Finding Regarding Refusal to Provide Support

> In an action or proceeding for the custody or support, or both, of a minor child . . .  the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding[.]

N.C. Gen. Stat. § 50-13.6 (2011). "Whether these statutory requirements have been met is a question of law, reviewable on appeal. Only when these requirements have been met does the standard of review change to abuse of discretion for an examination of the amount of attorney's fees awarded." *Simpson v. Simpson*, 209 N.C. App. 320, 323, 703 S.E.2d 890, 892 (2011) (citations and quotations omitted).

Plaintiff contends,

> [t]he trial court made no finding [he] "refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding." It is well established that in a child support, action, this finding is a necessary prerequisite to an award of attorneys' fees. *Hudson*, 299 N.C. at 472-73, 263 S.E.2d at 723-24.

Indeed,

> [b]efore a court may award fees in an action solely for child support, the court must make the required finding under the second sentence of the statute: that the party required to furnish adequate support failed to do so when the action was initiated. *On the other hand, when the proceeding or action is for both custody and support, the court is not required to make that finding.*

*Spicer v. Spicer*, 168 N.C. App. 283, 296, 607 S.E.2d 678, 687 (2005) (emphasis added) (citation omitted). Plaintiff thus contends that his action was only an action for support.

Plaintiff, citing *Gibson v. Gibson*, 68 N.C. App. 566, 316 S.E.2d 199 (1984), argues that "the mere fact a lawsuit includes claims for support and custody does not convert a proceeding into one for both custody and support where custody is not contested." Plaintiff then directs our attention to the fact that both parties agreed from the outset of this case that defendant would have sole legal and physical custody of the child. However, *Gibson* states,

> the issue of custody had been settled in *Hudson* by a consent order entered twenty months prior to the order concerning the child support while here the issue of custody, though uncontested, was settled by the judgment of the court some five months prior to the entry of the child support judgment. *What appears to be important, however, is not how the custody issue was settled or when but that it was settled and was not at issue when the judgment concerning support was entered.*

*Gibson*, 68 N.C. App. at 574, 316 S.E.2d at 105 (emphasis added).

Here, the order being appealed from is entitled "ORDER (RE: PERMANENT CHILD CUSTODY AND CHILD SUPPORT)[.]" Furthermore, unlike in *Hudson* and *Gibson*, *see id.*, the order on appeal is the first and only order that grants legal and physical custody of the child to defendant. Although plaintiff and defendant may have believed and acted as though they had resolved the custody claims before entry of the order, custody was still at issue

when the case was called for hearing and was not addressed by the trial court until its final order which also addresses child support. Custody was therefore "at issue when the judgment concerning support was entered[;]" *id.*, so this was an action for custody and support, and the trial court was not required to find that plaintiff had refused to provide prior support to the child. *See* N.C. Gen. Stat. § 50-13.6; *Spicer*, 168 N.C. App. at 296, 607 S.E.2d at 687.

B.  Other Findings of Fact

Lastly, plaintiff contends that "[t]he trial court's findings of fact do not support the amount of its award of attorneys' fees" because "the trial court made no findings as to the actual hours spent or what any of the three lawyers representing . . . [defendant] did or the time they spent on the case, or the reasonableness of the work or time spent" or defendant's attorneys' "skill or experience." Plaintiff again also notes that the failure of the trial court to find his income meant it could not rightfully find he had the ability to pay the attorney fees. We disagree.

The trial court reviewed the attorney fee affidavits and found the fees to be "necessary and reasonable[;]" the trial court also made several findings of fact regarding defendant's

attorney fees including, the necessity and reasonableness of the fees, the attorney's rate, that the rate is reasonable as compared to others with like experience and skill, the "reasonable rates" of others in the firm who assisted on the case, and the total amounts charged. We conclude that the trial court made sufficient findings of fact to support the award of attorney fees.

Regarding plaintiff's ability to pay the award of attorney fees, plaintiff has cited no authority requiring the trial court to find he is able to pay defendant's attorney fees. North Carolina General Statute § 50-13.6 provides in relevant part simply that

> [i]n an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, of a minor child . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit[;]

N.C. Gen. Stat. § 50-13.6, the statute has no requirement that the trial court also find that the party being ordered to pay these fees have the ability to pay, and although some cases have mentioned an obligor's ability to pay, we have found no

requirement that a trial court make this finding of fact. North Carolina General Statute § 50-13.6 places this matter in the trial court's discretion, *see id.*, and plaintiff has failed to demonstrate an abuse of discretion as to the trial court's attorney fee award.

C.    Summary of Attorney Fees

In summary, we affirm the trial court's award for attorney fees.

### V.    Conclusion

In conclusion, for the award of retroactive child support, we reverse the award for nursery expenses and maternity clothes prior to the child's birth because there is no legal basis for making such an award; we reverse the award for nursery expenses and basic needs after the birth because there was not sufficient evidence that such expenses were incurred prior to the filing of plaintiff's complaint; and we reverse and remand the order as to the expenses for daycare, child care, and birth for the trial court to consider the plaintiff's ability to pay during the time for which reimbursement is sought and how these expenses should be  apportioned between plaintiff and defendant.  As to the award of prospective child support, we reverse the trial court's award for child support and remand for the trial court to make

specific findings of fact, including plaintiff's income stated in a monetary value, plaintiff's ability to pay, the child's reasonable needs stated in a monetary value, and to make any further findings of fact or conclusions of law that would be necessary to set support obligations for both parties in a manner that would be reviewable by this Court.  As to the award of attorney fees, we affirm.

AFFIRMED in part, REVERSED in part, and REMANDED.

Judges MCGEE and BRYANT concur.